UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLENN A. ALEXANDER | * | CIVIL ACTION NO. 16-14430 |
| | * | |
| | * | SECTION: "A"(1) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| | * | |
| ERIC WARD, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Glenn A. Alexander filed the above-captioned matter in this Court in which he raises tort claims against the defendants arising out of the attempted repair of his truck.

On September 23, 2016, the Court ordered Alexander to show cause by Monday, October 24, 2016 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii). Alexander responded on October 18, 2016.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, § 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

1

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Further, federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331.  Plaintiff asserts tort claims against the defendants arising out of the attempted repair of his truck. He alleges that he brought his truck to Motorheads Diesel Shop ("MDS") where defendants Eric Ward and John Ward performed repairs. When the same problem arose, plaintiff returned to MDS with his truck. He alleges that the defendants removed the new parts and demanded a new price for further repairs although the parts were still under warranty. Plaintiff refused to pay and defendants refused to re-install the removed parts. Plaintiff was forced to have his vehicle towed back to New Orleans without the parts, which he alleges the defendants have wrongfully kept. He claims these actions violated his constitutional right to due process and equal protection and seeks an injunction requiring repair of his vehicle and return of the parts as well as monetary damages.

Plaintiff cites 42 U.S.C. § 1983 and claims that he has been denied due process. Section 1983 provides a cause of action against municipalities, state and local officials, and other defendants who acted under state law. Although plaintiff states that each of the individual defendants is a state actor, it appears from the face of the complaint that none of the defendants are state actors or acting under state law. In his response memorandum, the plaintiff once again asserts that the defendants are state actors, but he alleges no facts to support the claim. (Rec. Doc. 6, at 2). For example, he does not allege any state, locality, municipality, law or regulation under whose authority the defendants were acting. Plaintiff has not alleged any facts that would support a finding that the defendants were acting under color of state law, and therefore he has not asserted a § 1983 claim.

In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different

states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

The address provided by the plaintiff indicates that he resides in New Orleans, Louisiana. He alleges that Eric Ward and John Ward are "citizens of the Parish of Pearl River, State of Louisiana."[1] He alleges that defendant MDS is "an establishment that operates in Louisiana." In his response memorandum, plaintiff admits that plaintiff and defendants are Louisiana residents and he asserts that he is not invoking diversity jurisdiction. (Rec. Doc. 6, at 3). The court agrees that the plaintiff has not established complete diversity because it appears that plaintiff and defendants Eric and John Ward are residents of Louisiana.

**IT IS RECOMMENDED** that this lawsuit be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  3rd  day of November, 2016.

                                                                Janis van Meerveld
                                                          United States Magistrate Judge

---

[1] The Court notes that Pearl River is not a parish, but is a town in St. Tammany Parish, Louisiana.